## PEOPLE v. SEELEY

1. Criminal Law—Preliminary Examination—Courts—Jurisdiction—Common Pleas Court—Recorder's Court.

   The Common Pleas Court for the City of Detroit does not have concurrent jurisdiction with the Recorder's Court for the City of Detroit to conduct a preliminary examination where the offense charged is alleged to have been committed in the City of Detroit.

2. Criminal Law—Warrant—Grand Jury—Recorder's Court—Preliminary Examination.

   A warrant by a circuit court grand juror was a valid warrant, is still alive, and, although arriving in the Recorder's Court for the City of Detroit by a circuitous route through the Common Pleas Court, rather than directly from the clerk of the circuit court, it should be disposed of as provided for by law, *i.e.*, a preliminary examination should be held in Recorder's Court, along with such further proceedings as may be required (MCLA § 726.12).

Appeal from Court of Appeals, Division 1, T. M. Burns, P. J., and Holbrook and Bronson, JJ., remanding for further proceedings Recorders' Court of Detroit, Vincent J. Brennan, Robert J. Colombo, and Donald S. Leonard, JJ. Submitted March 4, 1971. (No. 41 January Term 1971, Docket No. 52,947.) Decided April 5, 1971.

24 Mich App 539 affirmed.

Reference for Points in Headnotes

[1, 2] 21 Am Jur 2d, Criminal Law § 383 *et seq.*

Ronald C. Seeley was charged with failure to file an election report. Information quashed. The people appealed to the Court of Appeals. Remanded for further proceedings. The people appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Irving B. Feldman* and *Bernard Rosner,* Assistant Attorneys General, for the people.

*Joseph W. Louisell* and *Neil H. Fink,* for defendant.

Black, J. The people as appellant and the defendant as appellee have agreed that the people's stated question, once it is answered, will be controlling. The question:

"Does the Common Pleas Court for the City of Detroit have concurrent jurisdiction with the Recorder's Court for the City of Detroit to conduct a preliminary examination where the offense charged is alleged to have been committed in the City of Detroit?"

Relying upon the reasoning submitted and the conclusion reached in *People* v. *Ewald* (1942), 302 Mich 31, Division 1 responded with a negative answer (*People* v. *Seeley* [1970], 24 Mich App 539). The conclusion reads (pp 546, 547):

"We therefore rule, on the basis of the recorder's court act, as it has been interpreted in the *Ewald* case, *supra,* that the Common Pleas Court for the City of Detroit did not have jurisdiction to conduct a preliminary examination in this criminal case. We further rule that the warrant issued by the

circuit court grand juror was a valid warrant, is still alive, and, although arriving in the Recorder's Court for the City of Detroit by a circuitous route through the common pleas court, rather than directly from the clerk of the circuit court, it should be disposed of as provided by law, *i.e.*, a preliminary examination should be held in recorder's court, along with such further proceedings as may be required."

Since CL 1929, § 16301 as viewed and applied in *Ewald* has since remained unchanged (see MCLA § 726.12), and since no good reason has been urged upon us for a pertinently new construction of that section, I think we should reapply *Ewald*.

The Attorney General's position here is not so much an appeal to the question of legislative intent as it is for current relief from the consequences of continued application of *Ewald*. In his application for leave to appeal to this Court he insisted that if the view of Division 1 "is not reversed the Recorder's Court will again become over-burdened and as a direct result thereof the following harm will occur:" whereupon he specified that the constitutional right of the accused and the statutory right of the people to a speedy trial "will be materially impaired"; that the state "will have to expend large sums of money by requesting retired judges to return to service and by sending other judges to Detroit to alleviate the logjam" and, finally, that the appellate decision is clearly erroneous "in that it violates the premise that there is but one court of justice in Michigan."

Then in broad but unsupported sum the Attorney General alleges that the decision of Division 1 "is contrary to the legislative intent and direction which is clearly and unambiguously set forth in the Code

of Criminal Procedure and upheld by the Supreme Court."

I am content with Division 1's view and application of *Ewald* and therefore vote to affirm.

T. M. KAVANAGH, C. J., and ADAMS, T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred with BLACK, J.