PEOPLE v ANDREWS #2

CRIMINAL LAW—ESCAPE—SENTENCES—CREDIT FOR TIME SERVED.

> The mandatory consecutive sentence provision of the prison escape statute is an exception to the statute granting jail time credit to be applied against a defendant's sentence; therefore, a trial court correctly refused to give a defendant jail time credit to apply against his sentence for prison escape (MCLA 750.193; 769.11b).

Appeal from Jackson, Charles J. Falahee, J. Submitted Division 2 April 9, 1974, at Lansing. (Docket No. 16114.) Decided April 30, 1974.

Elma V. Andrews was convicted, on his plea of guilty, of prison escape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *James M. Justin,* Assistant Prosecuting Attorney, for the people.

*Roger L. Wotila,* Assistant State Appellate Defender, for defendant.

Before: McGREGOR, P. J., and R. B. BURNS and O'HARA,* JJ.

R. B. BURNS, J. Defendant pled guilty to the crime of prison escape. MCLA 750.193; MSA

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law §§ 140, 545.

60 Am Jur 2d, Penal and Correctional Institutions § 64.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

28.390. He was sentenced to serve a consecutive term of one to five years imprisonment. Defendant claims the trial court erred by not crediting him with the time he spent in jail prior to sentencing on the escape charge.

Defendant's appeal involves, once again, the conflict between MCLA 750.193; MSA 28.390, and MCLA 769.11b; MSA 28.1083(2). MCLA 769.11b; MSA 28.1083(2) provides that defendants should be credited with the time they have spent in jail prior to sentencing, and that credited time should be applied toward the time they are sentenced to serve in prison. MCLA 750.193; MSA 28.390 provides that sentences imposed for the crime of prison escape are to be served after the termination of terms then being served by defendants. The conflict is obvious. One statute requires credit be given for jail time served for any crime, and the other does not allow such credit to be given when the crime is prison escape.

Several Court of Appeals cases, *People v Patterson,* 49 Mich App 269; 212 NW2d 22 (1973); *People v Lewis,* 42 Mich App 121; 201 NW2d 341 (1972), in dicta, have indicated that jail time credit should be given even when it is applied against a sentence for prison escape. Several other Court of Appeals cases, *People v Bachman,* 50 Mich App 682; 213 NW2d 800 (1973); *People v Passalacqua,* 48 Mich App 634; 211 NW2d 59 (1973); *People v Brooks,* 33 Mich App 297; 189 NW2d 816 (1971); *People v Pruitt,* 23 Mich App 510; 179 NW2d 22 (1970), have held that no credit should be given for jail time to apply against a sentence for prison escape. We believe that the latter view is the most persuasive. As was said in *Bachman, supra,* pp 686–687:

"We are faced, therefore, with a conflict between a

general statute granting credit and a more specific
statute which, in effect, denies such credit. In such
circumstances, it is a fundamental rule of statutory
construction that the specific statute takes precedence
over the general and is viewed as an exception thereto.
*People v Seeley,* 24 Mich App 539; 180 NW2d 333
(1970), *aff'd* 384 Mich 584; 184 NW2d 917 (1971)."

As in *Bachman, supra,* we believe the manda-
tory consecutive sentence statute is an exception
to the statute granting credit generally. The trial
court correctly refused to give defendant jail time
credit in this case.

We find no merit in defendant's other conten-
tions.

Affirmed.

All concurred.