## PEOPLE v HOYE

Docket No. 47123. Submitted February 17, 1981, at Detroit.—Decided
April 23, 1981. Leave to appeal applied for.

Frank J. Hoye was convicted by a Monroe Circuit Court jury of
armed robbery and was sentenced to 15 to 40 years imprison-
ment, James J. Kelley, J. Defendant, at that time, was serving
a prison sentence for a federal kidnapping conviction. Over a
year later, in November, 1976, defendant was convicted in
Wayne Circuit Court of second-degree murder for a death
which occurred in 1973. Defendant was sentenced to a term of
40 to 60 years on the murder conviction, to be served concur-
rently with the federal sentence at the federal institution. On
December 8, 1977, the Court of Appeals reversed defendant's
armed robbery conviction, 80 Mich App 258 (1977). The Monroe
County Prosecutor's office filed a detainer on September 22,
1978, in order to have defendant available for retrial on the
armed robbery charge. Defendant made a pretrial motion to
dismiss the armed robbery charge on the ground that the
prosecutor's delay in retrying the case violated the 180-day rule
and denied defendant his right to a speedy trial. The motion
was denied. Defendant was retried on March 14, 1979, but a
mistrial was declared because the jury was unable to arrive at
a verdict. Defendant was convicted at a new trial in May, 1979,
and was sentenced to life imprisonment, James J. Kelley, J.
Defendant appeals, contending that the nine months of inaction
between the reversal of the first conviction and the filing of the
detainer violated the 180-day rule and that the 15-month delay

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes §§ 194, 195.
[2, 4] 21 Am Jur 2d, Criminal Law §§ 251, 255.
  Delay in bringing indictment, speedy trial requirement as affected
  by. 30 L Ed 2d 468.
  Adequacy of defense counsel's representation of criminal client
  regarding speedy trial and related matters. 6 ALR4th 1208.
[3] 73 Am Jur 2d, Statutes §§ 211, 212.
[5] 21 Am Jur 2d, Criminal Law § 581.
[6, 7] 21 Am Jur 2d, Criminal Law §§ 569, 570.

between reversal of his first conviction and the second trial violated his constitutional right to a speedy trial. Defendant also seeks resentencing on the ground that the imposition of a harsher sentence following retrial cannot be based on an unrelated interim conviction where the trial court was aware of the pending charges at the time of the original conviction and sentence. *Held:*

1. The 180-day rule applies only to inmates of a Michigan penal institution. The plain words of the statute exclude prisoners of federal prisons. If it had been the Legislature's desire to impose the 180-day rule in favor of all defendants within the jurisdiction of the Michigan Department of Corrections, no matter where incarcerated, it would have so stated.

2. Where there is a delay of less than 18 months in bringing a criminal defendant to trial, the burden is on the defendant to show that he was prejudiced thereby. No prejudice resulted to the defense or to the defendant personally in this case. Defendant's allegation of error on this ground fails.

3. Defendant's contention that his conviction for second-degree murder cannot be the basis for a more lengthy sentence where the trial court was aware of pending charges at the time of the original sentence is not supportable. The conviction alone is sufficient to justify the imposition of the harsher sentence. The mere fact that the charges had been filed cannot be afforded equal weight at sentencing as can a conviction for the same offense. The conviction was a relevant factor in determining the proper punishment upon reconviction.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION.

There is no room for statutory construction where a statute is unambiguous on its face.

2. CRIMINAL LAW — INMATES — 180-DAY RULE — STATUTES.

The 180-day rule, which states that an inmate against whom there is an untried warrant, indictment, information or complaint must be proceeded against within 180 days after the prosecutor receives requisite notice from the Department of Corrections or the court loses jurisdiction to try the case, unless the delay is attributable to the defendant, applies only to inmates of Michigan penal institutions; it does not apply to defendants within the jurisdiction of the Michigan Department of Corrections who are incarcerated outside of Michigan or in federal institutions (MCL 780.131; MSA 28.969[1]).

3. Statutes — Judicial Construction.

Use of a specific word in a statute indicates an intent to exclude that which is not included.

4. Criminal Law — Speedy Trial — Prejudice — Presumptions.

Prejudice will be presumed after an 18-month delay in bringing a criminal defendant to trial; prior to that time the burden is on the accused to show that he was actually harmed; after 18 months, the burden shifts to the prosecution to show that there was no prejudice.

5. Criminal Law — Sentencing — Due Process.

Due process of law requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial.

6. Criminal Law — Sentencing — Retrial.

A trial court's reasons for imposing a more severe sentence upon a defendant after a new trial must affirmatively appear on the record; the reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentence proceeding, and the factual data upon which the increased sentence is based must be part of the record so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

7. Criminal Law — Sentencing — Retrial.

A trial court did not err in considering a defendant's conviction on an unrelated matter which occurred during the interim between the defendant's original trial and sentencing and his retrial and subsequent imposition of a harsher sentence; the justification for the imposition of the harsher sentence following retrial is that a defendant is presumed innocent until found guilty, and the fact that charges have been filed cannot be afforded equal weight at sentencing as can a conviction for the same offense.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Michael W. LaBeau,* Prosecuting Attorney, and *John T. Marunick,* Assistant Prosecuting Attorney, for the people.

*Lynn Chard,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. C. RILEY, P.J., and BASHARA and MACKENZIE, JJ.

PER CURIAM. On September 9, 1975, defendant was convicted by a Monroe County Circuit Court jury of armed robbery, MCL 750.529; MSA 28.797, and was sentenced to a term of 15 to 40 years imprisonment. At the time of the conviction, defendant was serving a prison sentence for a federal kidnapping charge. In November of 1976, defendant was convicted in state court of second-degree murder for a death which occurred in 1973. Defendant was sentenced to a term of 40 to 60 years imprisonment on the murder charge, to be served at the federal institution concurrently with the federal kidnapping sentence.

On December 8, 1977, the armed robbery conviction was reversed by this Court. *People v Hoye,* 80 Mich App 258; 263 NW2d 343 (1977). In the spring of 1978, defendant sent a letter to the prosecutor's office of Monroe County requesting a document stating that the armed robbery charges against him had been dismissed. The letter informed the prosecutor's office that the pending armed robbery charge was affecting his eligibility for parole and good time. The prosecutor's office did not answer the letter.

Pursuant to the Interstate Agreement on Detainers, MCL 780.601 *et seq.;* MSA 4.147(1) *et seq.,* the Monroe County Prosecutor's office filed a detainer on September 22, 1978. A detainer was necessary because defendant was still serving his concurrent state and federal sentences in the federal facility in Wisconsin. The first pretrial conference in the retrial of the armed robbery case was held December 1, 1978. Defendant was not present at that conference. A second pretrial conference was held on January 11, 1979. At that pretrial

conference, the defendant was present and filed a motion to dismiss. In the motion, defendant argued that the prosecutor's delay in retrying the armed robbery charge violated the 180-day rule and denied his right to a speedy trial. After a response by the prosecutor, the trial court denied defendant's motion.

Defendant was retried on March 14, 1979, but the court declared a mistrial because the jury was unable to arrive at a verdict. A new trial took place on May 16, 1979. Defendant was convicted and, in June of 1979, he was sentenced to life imprisonment. Defendant now appeals the armed robbery conviction, raising three allegations of error.

Initially, defendant contends that the nine months of inaction between the reversal of the first conviction and the filing of the detainer violated the 180-day rule, MCL 780.131, 780.133; MSA 28.969(1), 28.969(3). The statute provides:

"Whenever the department of corrections shall receive notice that there is pending in this state any untried warrant, indictment, information or complaint setting forth against *any inmate of a penal institution of this state* a criminal offense for which a prison sentence might be imposed upon conviction, such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of imprisonment of such inmate and a request for final disposition of such warrant, indictment, information or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner and any decisions of the parole board relating to the pris-

oner. The written notice and statement provided herein shall be delivered by certified mail.

\* \* \*

"In the even that, within the time limitation set forth in § 1 of this act, action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice." (Emphasis added.)

Defendant was incarcerated in federal prison, not a state penal institution. Nonetheless, he asserts that the statute should be construed as including federally imprisoned defendants who are also under the jurisdiction of the Michigan Department of Corrections.

Where a statute is unambiguous on its face, there is no room for statutory construction. *Detroit v Redford Twp,* 253 Mich 453, 455; 235 NW 217 (1931). In our opinion, the phrase "inmate of a penal institution of this state" is clear and unambiguous. The plain words of the statute exclude prisoners of federal prisons. *People v Fossey,* 41 Mich App 174; 199 NW2d 849 (1972).

Furthermore, use of a specific word in the statute indicates an intent to exclude that which is not included. *Van Sweden v Van Sweden,* 250 Mich 238, 241; 230 NW 191 (1930). The doctrine *"expressio unius est exclusio alterius"* requires that we construe the words chosen, rather than expand upon the class of defendants covered. *Taylor v Public Utilities Comm,* 217 Mich 400, 403; 186 NW 485 (1922), *Burns v Auto-Owners Ins Co,* 88 Mich App 663, 665; 279 NW2d 43 (1979). Had the Legislature desired to impose the rule in favor of all defendants within the jurisdiction of the

Michigan Department of Corrections, no matter where incarcerated, it would have so stated.

Defendant also alleges violation of his constitutional right to a speedy trial by the 15-month delay between reversal of the first conviction and the second trial. Where the delay is less than 18 months, the burden is on the defendant to show that he was prejudiced thereby. *People v Collins,* 388 Mich 680, 695; 202 NW2d 769 (1972). We find no prejudice resulting to the defense or to defendant personally. *Barker v Wingo,* 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972). Therefore, this allegation of error must fail. *People v Petrov,* 75 Mich App 532; 255 NW2d 673 (1977).

Finally, defendant seeks resentencing, relying upon *North Carolina v Pearce,* 395 US 711; 89 S Ct 2072; 23 L Ed 2d 656 (1969), in which the Court considered the constitutionality of the imposition of a longer prison sentence upon reconviction. The Court held:

"Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

"In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. *Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceedings.* And the factual data upon which the increased sentence is based must be part of

the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." 395 US 711, 725-726. (Emphasis added.) (Footnotes omitted.)

In the case at bar, the trial court considered two additional criteria at resentencing: (A) psychological reports which were compiled in 1979, and (B) the 1976 conviction for second-degree murder. There is no question that these are valid considerations in imposing an original sentence. However, defendant contends that the criteria may not be utilized in resentencing him to a longer term of imprisonment because they do not constitute "conduct on the part of defendant occurring after the time of the original sentencing proceeding".

We find defendant's second-degree murder conviction alone is sufficient to justify the imposition of the harsher sentence. We disagree with defendant's contention that the conviction cannot be the basis for a more lengthy sentence where the trial court was aware of pending charges at the time of the original sentence. Defendant was presumed innocent until found guilty. The mere fact the charges had been filed cannot be afforded equal weight at sentencing as can a conviction for the same offense. Defendant was convicted of the crime after imposition of the original sentence. Therefore, the conviction was a relevant factor in determining the proper punishment upon reconviction.

Affirmed.