PEOPLE v TURNER

Docket No. 66454. Submitted September 7, 1983, at Grand Rapids.—
Decided November 22, 1983.

Thomas J. Turner was convicted on his plea of guilty of prison
escape, Berrien Circuit Court, William S. White, J. After his
escape, defendant was arrested in Indiana on another charge
(subsequently dismissed) and, while he was incarcerated in
Indiana, Michigan authorities placed a hold on him. Upon
dismissal of the Indiana charge, defendant was returned to
Michigan. He thereafter pled guilty to prison escape and was
given a consecutive sentence with no credit for any presentence
time served. Defendant appealed, alleging that the trial court
lost jurisdiction to try the escape charge because of the 180-day
rule and that the court erred in not applying any credit against
the escape sentence for presentence time spent incarcerated in
Indiana and in Michigan. *Held:*

1. The 180-day rule does not apply to defendants incarcerated
outside Michigan or in federal institutions. The time between
defendant's transfer to Michigan and his guilty plea was less
than 180 days, therefore the rule was not violated.

2. Generally, presentence time served is not credited against
a prison escape sentence because such a sentence must be
consecutive and the defendant was already obliged to serve that
time under his uncompleted sentence for his earlier conviction.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21A Am Jur 2d, Criminal Law §§ 658, 662, 858.

[2] 21 Am Jur 2d, Criminal Law § 535.
    60 Am Jur 2d, Penal and Correctional Institutions § 58.
    Withdrawal, forfeiture, modification or denial of good-time allow-
    ance to prisoner. 95 ALR2d 1265.

[3-5] 21 Am Jur 2d, Criminal Law §§ 548-550, 552, 553.
    When is federal prisoner entitled, under 18 USCS § 3568, to credit
    for time spent in state custody "in connection with" offense or
    acts for which federal sentence was imposed. 47 ALR Fed 755.
    Right to credit for time spent in custody prior to trial or sentence.
    77 ALR3d 182.

[5] 21 Am Jur 2d, Criminal Law § 594.
    27 Am Jur 2d, Escape, Prison Breaking, and Rescue § 20.

[6] 4 Am Jur 2d, Appeal and Error § 397.

However, the time defendant served in Indiana was not in connection with his uncompleted Michigan sentence, nor was he obliged to serve any sentence in Indiana because he was never convicted there.

3. Defendant is entitled to credit for time served in Indiana only to the extent that that time was attributable to the pending escape charge. The time to be credited is that served after the Michigan authorities could have placed a hold on the defendant, rather than when the hold was actually placed, since the defendant should not be penalized by loss of any sentence credit due to any administrative delay in placing the hold.

4. Because the record does not reveal when the hold was placed on defendant or when a hold could have been placed, the case must be remanded for a determination of the amount of credit for time served in Indiana that is to be applied to defendant's sentence.

Affirmed, and remanded for resentencing.

1. Criminal Law — Prison Inmates — 180-Day Rule — Foreign Jurisdictions.

The statutory requirement that an inmate of a state penal institution be brought to trial on an untried warrant within 180 days of the requisite notice to the prosecution does not apply to defendants who are incarcerated outside of Michigan or in federal institutions (MCL 780.131; MSA 28.969[1]).

2. Criminal Law — Sentencing — Sentence Credit.

The statute allowing sentence credit is to be read to benefit defendants unless to do so would frustrate the intent of a consecutive sentencing statute (MCL 769.11b; MSA 28.1083[2]).

3. Criminal Law — Sentencing — Consecutive Sentences — Sentence Credit — Escape.

A defendant is not entitled to credit against a consecutive sentence for presentence time served which he was already obliged to serve under a prior sentence; therefore, generally there is no credit for presentence time served against a prison escape sentence because such a sentence must be consecutive and the defendant was already obliged to serve that time under his uncompleted sentence for the earlier conviction.

4. Criminal Law — Sentencing — Sentence Credit — Foreign Jurisdictions.

Credit against a prison sentence may be given for time served in prisons or jails of a foreign jurisdiction.

5. CRIMINAL LAW — ESCAPE — SENTENCING — SENTENCE CREDIT.

    A defendant convicted of prison escape is entitled to credit for presentence time served in Indiana after his arrest there on other charges only to the extent that the time served was attributable to the pending Michigan prison escape charge; that is, from the time that Michigan authorities could have placed a "hold" on the defendant with the Indiana authorities.

6. APPEAL — DOCUMENTS NOT OF RECORD.

    The Court of Appeals may not properly consider documents which were not a part of the lower court record.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Paul L. Maloney,* Prosecuting Attorney, and *Brian S. Berger,* Assistant Prosecuting Attorney, for the people.

*Jesse & Jesse* (by *James K. Jesse),* for defendant on appeal.

Before: T. M. BURNS, P.J., and D. F. WALSH and MACKENZIE, JJ.

PER CURIAM. Defendant appeals as of right from his plea-based conviction of prison escape, MCL 750.193; MSA 28.390. While serving a prison sentence on a previous conviction for breaking and entering, defendant escaped on September 29, 1981. A complaint and warrant were issued on October 2, 1981. On November 3, 1981 (according to the prosecution), defendant was arrested in Indiana on another charge and incarcerated. Sometime during defendant's incarceration in Indiana, the Berrien County prosecutor's office placed a "hold" on defendant in connection with the pending escape charge. The Indiana charge against defendant was ultimately dismissed, and defendant was returned to Michigan on May 10, 1982, and incarcerated. On June 1, 1982, defendant pled guilty to the escape charge, and on July

6, 1982, defendant was sentenced to two to five years, to run consecutively to his sentence on the previous breaking and entering conviction, and without credit for any presentence time served.

Defendant's first claim on appeal is that the Berrien County court lost jurisdiction to convict defendant of escape under the statutory 180-day rule, MCL 780.131; MSA 28.969(1). The language of the statute itself provides that the 180-day rule applies to untried charges against "any inmate of a penal institution of this state", and this Court has held that the rule does not apply to defendants who are incarcerated outside of Michigan or in federal institutions. *People v Hoye,* 105 Mich App 768, 772-773; 307 NW2d 723 (1981), *lv den* 412 Mich 898 (1982); *People v Fossey,* 41 Mich App 174, 180; 199 NW2d 849 (1972), *lv den* 390 Mich 757 (1973). Thus, the relevant period of incarceration herein is from May 10, 1982, when defendant was transferred to Michigan, until June 1, 1982, when defendant pled guilty. Since less than 180 days elapsed during that period of time, there was no violation of the statute. Therefore, we affirm defendant's plea-based conviction.

Defendant also claims that the court erred in denying him credit against his escape sentence for the presentence time served in Indiana and then in Michigan. The sentence credit statute, MCL 769.11b; MSA 28.1083(2), is to be read to benefit defendants unless to do so would frustrate the intent of a consecutive sentencing statute. *Brinson v Genesee Circuit Judge,* 403 Mich 676, 686; 272 NW2d 513 (1978). Where a consecutive sentence is imposed, a defendant is not entitled to credit for presentence time served which he was already obliged to serve under a prior sentence. *People v Patterson,* 392 Mich 83, 90; 219 NW2d 31 (1974).

Thus, generally there is no credit for presentence time served against a prison escape sentence because such a sentence must be consecutive, MCL 750.193; MSA 28.390, and the defendant was already obliged to serve that time under his uncompleted sentence for the earlier conviction. *People v Andrews #2,* 52 Mich App 728; 218 NW2d 383 (1974); *People v Bachman,* 50 Mich App 682; 213 NW2d 800 (1973), *lv den* 392 Mich 776 (1974); *People v Passalacqua,* 48 Mich App 634; 211 NW2d 59 (1973), *lv den* 392 Mich 816 (1974).

However, the general rule of no credit against a prison escape sentence does not apply to the time served in Indiana by defendant. The presentence time served by defendant in Indiana was not in connection with his uncompleted sentence for his previous breaking and entering conviction in Michigan, and defendant received no credit for that time against the prior sentence for breaking and entering. Also, the time served by defendant in Indiana was not obliged to be served under any sentence imposed by the Indiana courts; rather, defendant was never convicted of any charge in Indiana. See *Brinson, supra,* p 687.

It is clear that credit may be given for time served in prisons or jails of another jurisdiction. *People v Gibson,* 101 Mich App 205; 300 NW2d 500 (1980); *People v Havey,* 11 Mich App 69, 81-83; 160 NW2d 629 (1968), *lv den* 381 Mich 756 (1968). However, it is still necessary to determine to what extent defendant is entitled to credit for the presentence time served in Indiana. In *People v Pruitt,* 23 Mich App 510, 514-515; 179 NW2d 22 (1970), this Court held that the defendant was not entitled to credit against his escape sentence for the entire presentence time served, but rather only from the date his incarceration became at-

tributable to the pending prison escape charge. While *Pruitt* involved a factual context different from that in the present case, that decision still provides some guidance, and we conclude that defendant is entitled to credit for time served in Indiana only to the extent that that time was attributable to the pending prison escape charge.

Defendant was arrested and initially incarcerated in Indiana on a charge unrelated to the escape charge. However, once the Michigan authorities placed a "hold" on defendant pursuant to the escape charge, defendant could not be released on bond vis-à-vis the Indiana charge and the time served in Indiana from that date on was attributable to the pending escape charge. See *People v Manifee,* 112 Mich App 705; 317 NW2d 232 (1982); *People v Major,* 106 Mich App 226, 230-232; 307 NW2d 451 (1981). Consequently, defendant is entitled to credit for time served in Indiana at least from the date Michigan authorities placed the "hold" on him, and the prosecution so admits on appeal.

We further hold, however, that defendant may be entitled to credit for time served in Indiana not only from the date when the "hold" was actually effected, but from when the "hold" could have been placed by the Michigan authorities. *People v Coyle,* 104 Mich App 636, 647-648; 305 NW2d 275 (1981), *lv den* 415 Mich 851 (1982); *People v Major, supra* (dissenting opinion of CYNAR, J.). We decline to follow the majority opinion in *People v Major, supra,* on this matter, and instead follow *People v Coyle, supra,* as representing the better view. Once the Michigan authorities have issued a warrant and know where the defendant is being held, they should place a "hold" at that time; a defendant should not be penalized by any administrative

delay in placing a "hold" through the loss of sentence credit which would have been received had a "hold" been promptly issued. *People v Coyle, supra,* p 647.

As in *People v Coyle, supra,* a remand is required in the present case for the purpose of determining the date from which defendant is to receive credit for the time served in Indiana. The lower court record does not contain any evidence as to when the hold was actually placed. Although the prosecution attached to its brief on appeal a copy of a letter appearing to indicate that the hold was placed on March 16, 1982, this Court may not properly consider documents which were not part of the lower court record. *People v Willett,* 110 Mich App 337, 346; 313 NW2d 117 (1981), *remanded on other grounds* 414 Mich 970 (1982). Furthermore, there is nothing in the record before us from which we can determine whether a hold could have been issued at some date earlier than it actually was.

Finally, defendant is not entitled to credit for presentence time served in Michigan because defendant was already obliged to serve that time owing to his uncompleted sentence for breaking and entering. *People v Passalacqua, supra; People v Patterson, supra.* The sentencing transcript reflects that defendant's previous sentence for breaking and entering had not terminated prior to imposition of sentence on the escape conviction.

Conviction affirmed, remanded for resentencing.