## PEOPLE v SHIPP

Docket No. 68488. Submitted November 7, 1984, at Grand Rapids.—
Decided April 1, 1985. Leave to appeal denied, 422 Mich —.

Joseph B. Shipp was convicted by a jury in Calhoun Circuit Court
of armed robbery and was sentenced, James C. Kingsley, J.
Defendant appealed. *Held:*

1. The district court judge did not err in binding defendant
over to circuit court for trial. There was sufficient credible
evidence to support the magistrate's conclusion that there was
probable cause to believe defendant was the perpetrator of the
crime.

2. Defendant's contention that his conviction should be va-
cated and charges against him dismissed with prejudice for
failure of the prosecutor to comply with the 180-day rule is
rejected. The 180-day rule was not violated.

3. Defendant is entitled to credit for time served in the
Washtenaw County Jail from the date Battle Creek authorities
placed a hold on him. The case must be remanded to the trial
court for a determination of when the hold was placed upon
defendant.

4. Defendant is entitled to a remand to determine whether
the trial court relied on an unconstitutional prior conviction
when sentencing defendant. On remand, if the trial judge finds
that he did rely on defendant's earlier unconstitutional convic-
tion in sentencing defendant, he shall resentence defendant
accordingly.

5. Defendant's conviction is affirmed, but the case is remanded

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error § 772.
    21 Am Jur 2d, Criminal Law § 411 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 413.
[3] 21A Am Jur 2d, Criminal Law § 856.
[4, 5] 21 Am Jur 2d, Criminal Law § 548.
    Right to credit for time spent in custody prior to trial or sentence. 7
    ALR3d 182.
[6] 21 Am Jur 2d, Criminal Law §§ 592-594.
[7] 21 Am Jur 2d, Criminal Law § 473 *et seq.*
    Court's duty to advise or admonish accused as to consequences of
    plea of guilty, or to determine that he is advised thereof. 97
    ALR2d 549.

for determination of the amount of credit due defendant for time served and for determination of whether the trial judge relied upon an unconstitutional conviction of defendant in sentencing him.

Affirmed and remanded.

1. CRIMINAL LAW — PRELIMINARY EXAMINATION — APPEAL.

A reviewing court will not disturb a magistrate's determination at a preliminary examination unless there is a clear abuse of discretion.

2. CRIMINAL LAW — PRELIMINARY EXAMINATION — PROBABLE CAUSE — EVIDENCE.

The purpose of a preliminary examination is to establish whether or not there is probable cause to bind the defendant over to circuit court, not to determine the defendant's guilt or innocence; if evidence conflicts or raises a reasonable doubt of the defendant's guilt, such question should be left for the jury upon trial.

3. CRIMINAL LAW — 180-DAY RULE — PAROLE.

An individual detained in a local facility, and against whom a parole hold has been filed, is not an inmate of a penal institution to whom the 180-day rule applies (MCL 780.131 *et seq.*; MSA 28.969[1] *et seq.*).

4. CRIMINAL LAW — SENTENCING — CREDIT FOR TIME SERVED.

A defendant is entitled to credit against a sentence for time served in jail pending trial on an unrelated activity where the authorities in the case in question have placed a hold on him.

5. CRIMINAL LAW — SENTENCING — CREDIT FOR TIME SERVED.

The proper date for determining credit for time served by a person incarcerated because of being unable to furnish bond for an unrelated offense is the date on which the hold was placed on him.

6. CRIMINAL LAW — SENTENCING — PRIOR CONVICTIONS.

A constitutionally infirm conviction may not be considered in the sentencing of a defendant.

7. CRIMINAL LAW — GUILTY PLEAS.

A conviction based upon a guilty plea is invalid if the defendant was not advised by the trial court before the acceptance of the plea that he has the right not to incriminate himself.

*Frank J. Kelley,* Attorney General, *Louis J.*

*Caruso,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *Neil K. Disney,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Karla K. Goodman),* for defendant on appeal.

Before: R. B. Burns, P.J., and Allen and T. L. Brown,* JJ.

Per Curiam. Defendant was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797. He was acquitted of a charge of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to serve from 10 to 25 years in prison, with credit for time served from February 8, 1982.

Defendant first claims that the district court judge erred in binding defendant over to circuit court for trial because there was insufficient evidence presented at the preliminary examination to establish probable cause to believe defendant committed the offense.

A reviewing court will not disturb a magistrate's determination at a preliminary examination unless there is a clear abuse of discretion. *People v Doss,* 406 Mich 90; 176 NW2d 9 (1979). Positive proof of guilt is not required.

During the preliminary examination a state police fingerprint expert testified that he had found at least eight identifying characteristics which linked defendant's palm print to the palm print found at the scene of the crime. The expert also testified, however, that he could not list the specific identifying characteristics because he did not make a record of the markings. Defense counsel requested that the court adjourn for lunch so

---

* Circuit judge, sitting on the Court of Appeals by assignment.

that he could obtain a magnifying glass with which the witness could re-examine the prints and testify as to the specific characteristics, thus allowing defense counsel to cross-examine him on those characteristics. That request was refused.

These facts do not establish a clear abuse of the examining magistrate's discretion. It is not the object of the preliminary examination to determine a defendant's guilt or innocence. Rather, if evidence conflicts or raises a reasonable doubt of a defendant's guilt, such question should be left for the jury upon trial. *People v Doss, supra,* p 103.

The only purpose of a preliminary examination is to establish whether or not there is probable cause to bind over the defendant to circuit court. Here the testimony of the fingerprint expert constituted sufficiently credible evidence to support the magistrate's conclusion that there was probable cause to believe that defendant was the perpetrator of the crime.

Defendant next contends that his conviction should be vacated and charges against him dismissed with prejudice for failure of the prosecutor to comply with Michigan's 180-day rule. MCL 780.131 *et seq.;* MSA 28.969(1) *et seq.*

Defendant was arrested on an unrelated charge on December 12, 1981, and lodged in the Washtenaw County Jail. The warrant for defendant's arrest in the instant case was issued on December 15, 1981. The warrant was not filed in district court until February 8, 1982, and was executed on that date. Trial began on August 3, 1982, 232 days after the warrant was issued and 175 days after the arrest.

An individual detained in a local facility, and against whom a parole hold has been filed, is not an inmate of a penal institution to whom the 180-day rule applies. *People v Sanders,* 130 Mich App

246; 343 NW2d 513 (1983); *People v Wright,* 128 Mich App 374; 340 NW2d 93 (1983).

Therefore, the relevant inquiry is whether defendant's parole was revoked more than 180 days before his trial commenced. *People v Rose,* 132 Mich App 656, 659; 347 NW2d 774 (1984); *People v Wright, supra,* p 378. Defendant's parole was revoked on March 19, 1982, after he was sentenced on the unrelated felony charge from Washtenaw County. Since this is less than 180 days before the commencement of trial in the instant case, we find that the 180-day rule was not violated.

Defendant also claims that the trial court erred in determining the amount of defendant's credit for time served prior to sentencing.

A defendant is entitled to credit against a sentence for time served in jail pending trial on an unrelated activity where the authorities in the case in question have placed a "hold" on the defendant. *People v Turner,* 130 Mich App 646; 344 NW2d 34 (1983); *People v Major,* 106 Mich App 226; 307 NW2d 451 (1981); *People v Coyle,* 104 Mich App 636; 305 NW2d 375 (1981), *lv den* 415 Mich 851 (1982). Defendant is entitled to receive credit for time served at least from the date that the Battle Creek authorities placed a "hold" on him at the Washtenaw County Jail.

Defendant asserts that he is entitled to receive credit for time served from the date on which the warrant was issued, rather than the date on which a "hold" was placed or the date he was formally arrested on the instant charges. There is a conflict in this Court on that issue. In *People v Coyle, supra,* and *People v Turner, supra,* this Court followed the view that a defendant is entitled to credit for time served from the time at which a "hold" could have been placed upon the defendant. That is, a defendant is entitled to credit from the

date on which a warrant has been issued and the authorities know where the defendant is being held. The Battle Creek authorities knew of defendant's incarceration in the Washtenaw County Jail on December 15, 1981, the same day the warrant was issued. Thus, under this Court's view in *Turner* and *Coyle,* defendant would be entitled to credit for the time served since December 15, 1981.

The majority in *People v Major, supra,* however, took the view that a defendant is entitled to credit for time served only from the date on which the "hold" was actually placed. Thus, under the holding in *Major,* defendant would be entitled to credit from the date on which the Battle Creek authorities actually placed the "hold" on defendant with the Washtenaw County Jail. The record does not disclose on what date that event occurred.

Prior to the actual placing of a "hold" on defendant, the authorities in Battle Creek had no control over defendant's incarceration. Defendant could have posted bail in Washtenaw County and would have been free to leave. Thus, until the hold was placed, defendant's incarceration in Washtenaw County was wholly unrelated to his difficulties in Battle Creek. For these reasons, it is our opinion that the rule established in *People v Major* is the better rule. Defendant is entitled to credit for time served only from the date upon which the Battle Creek authorities placed a "hold" upon defendant. Since this date cannot be determined from the record, the case is remanded to the trial court for a determination of when the "hold" was placed upon defendant. Credit shall be given accordingly.

Finally, defendant claims that he is entitled to a remand to determine whether the trial court relied on an unconstitutional prior conviction when sentencing defendant.

A constitutionally infirm conviction may not be considered in the sentencing of a defendant. *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972); *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974). A conviction based upon a guilty plea is invalid if the defendant was not advised by the trial court before the acceptance of the plea that he has the right not to incriminate himself. *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969); *People v Jaworski,* 387 Mich 21, 30; 194 NW2d 868 (1972).

The presentence report reviewed by the trial court before sentencing contained defendant's 1971 conviction for manslaughter. The transcript of defendant's arraignment on the manslaughter charge indicates that defendant was not advised of his right to remain silent. Defendant's January 11, 1971, conviction for manslaughter based upon a guilty plea was, therefore, constitutionally invalid. On remand the trial judge shall determine whether he took this invalid conviction into account in fixing sentence. If the trial judge resolves that question in the affirmative, then he shall resentence defendant accordingly. *People v Moore, supra,* p 440.

Defendant's conviction is affirmed and the case is remanded to the trial court for determination of when the Battle Creek Police Department placed a hold on the defendant and a redetermination of the amount of credit due defendant for time served. In addition, the trial judge will specify whether he relied upon the unconstitutional conviction in sentencing.