PEOPLE v RANSON

Docket No. 80926. Submitted June 6, 1985, at Grand Rapids. Decided July 8, 1986.

Derrick Ranson was convicted, following a jury trial in the Berrien Circuit Court, of delivery of heroin. Defendant was released on bond pending sentencing. A bench warrant for his arrest was issued after he failed to appear for sentencing. Almost four years later, authorities in Michigan learned that defendant was incarcerated in the State of Illinois on an armed robbery charge. They immediately placed a detainer or hold on defendant. Defendant was eventually convicted and sentenced in Illinois and subsequently sent back to Michigan for sentencing on his drug conviction. The circuit court, Chester J. Byrns, J., sentenced defendant to from four to twenty years in prison with credit for time served of 113 days. The circuit court further ordered that the sentence was to run concurrently with defendant's Illinois sentence and sent defendant back to Illinois. The judgment of sentence was later amended by the circuit court to give defendant credit for 477 days instead of 113 days. Defendant appealed, claiming that he was entitled to credit for time served from the date of his arrest for the armed robbery charge until the date he was sentenced for the drug conviction. *Held:*

1. Defendant was entitled to credit for 592 days served from the time when authorities in Michigan placed a detainer or hold on him with the Illinois authorities up to the time when he was sentenced by the circuit court for the drug conviction.

2. The Court of Appeals found defendant's other claims of error to be without merit.

Affirmed and sentence modified to provide credit for 592 days.

R. M. MAHER, P.J., dissented in part. He would hold that a

REFERENCES

Am Jur 2d, Appeal and Error §§ 491 *et seq.*

Am Jur 2d, Criminal Law § 548.

Right to credit for time spent in custody prior to trial or sentence. 77 ALR3d 182.

See the annotations in the ALR3d/4th Quick Index under Appeal and Error; Sentence and Punishment.

defendant is entitled to credit against a sentence for time served in jail for an unrelated charge from the time the authorities in the case in question could have placed a hold on him. However, in this case the authorities placed a hold on the same day they learned of defendant's incarceration in Illinois, entitling defendant to the same credit calculated by the majority.

#### Opinion of the Court

1. Criminal Law — Sentencing — Credit for Time Served.

A defendant is entitled to credit against a sentence for time served in jail for an unrelated charge from the time when the authorities in the case in question actually placed a hold on him.

2. Appeal — Preserving Question.

The Court of Appeals may consider an issue abandoned on appeal where an appellant fails to provide an adequate record to aid in the review of alleged errors by the trial court.

Partial Concurrence and Partial Dissent by R. M. Maher, P.J.

3. Criminal Law — Sentencing — Credit for Time Served.

*A defendant is entitled to credit against a sentence for time served in jail for an unrelated charge from the time when the authorities in the case in question could have placed a hold on him.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Paul L. Maloney,* Prosecuting Attorney, and *Brian S. Berger,* Assistant Prosecuting Attorney, for the people.

*James K. Jesse,* for defendant.

Before: R. M. Maher, P.J., and Beasley and Shepherd, JJ.

Per Curiam. Defendant was convicted following a jury trial on August 22, 1978 of delivery of heroin, contrary to MCL 335.341(1)(a); MSA

18.1070(41)(1)(a).[1] On August 13, 1984, defendant was sentenced to a prison term of four to twenty years and received credit for 113 days of local confinement. On September 28, 1984, an amended judgment of sentence was filed giving defendant 477 days of sentence credit.

After the jury returned its verdict in 1978, defendant was released on bond. Sentencing was scheduled for December 11, 1978. When defendant failed to appear for sentencing, a bench warrant for his arrest was issued on December 26, 1978. On December 15, 1982, defendant was incarcerated in Illinois on a charge of armed robbery. Michigan authorities learned of defendant's incarceration in Illinois on December 29, 1982. On May 18, 1984, defendant was sentenced by an Illinois court to a prison term of six years for the armed robbery conviction.

In June, 1984, defendant was returned to Michigan for sentencing on the drug conviction. On August 13, 1984, defendant was sentenced to a term of four to twenty years with credit for 113 days "spent in local confinement on both the minimum and maximum period of time." The sentencing court imposed this sentence to run concurrently with the Illinois sentence and returned defendant to Illinois for completion of his sentence there.

On September 28, 1984, an amended judgment of sentence was filed on an ex parte basis, giving defendant 477 days of sentence credit rather than 113 days as originally provided.

On appeal, defendant argues that he is entitled to sentence credit for the entire period he was incarcerated, i.e., from December 15, 1982, the date of his arrest for the armed robbery charge,

---

[1] Repealed by 1978 PA 368, § 25101 and replaced by MCL 333.7401; MSA 14.15(7401).

until August 13, 1984, the date he was sentenced for the drug conviction.

The Legislature has authorized the grant of sentence credit by MCL 769.11b; MSA 28.1083(2) which provides:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

In *People v Prieskorn,* 424 Mich 327, 344; 381 NW2d 646 (1985), our Supreme Court construed the statute and held:

> To be entitled to sentence credit for presentence time served, a defendant must have been incarcerated "for the offense of which he is convicted."

Although *Prieskorn* provides us with a rule to follow when determining whether a defendant is entitled to sentence credit, the decision does not guide us in the application of the rule to the facts of this case.

In *Prieskorn,* while the defendant was free on bond awaiting trial on two drug charges, he was arrested, and subsequently convicted, for driving with a revoked license. He was sentenced to ninety days in jail for the traffic violation. On the fifty-first day of his incarceration, he was arrested on a third drug charge. Pursuant to plea negotiations, he pled guilty to the first drug offense in exchange for dismissal of the other two drug offenses. The defendant then sought credit, against his sentence on the drug conviction, for fifty-one days of the

confinement he served under sentence for the driving offense. The Supreme Court held that the defendant was not entitled to such credit because he did not serve that time because of his inability to post bond for the drug offense. *Prieskorn, supra,* p 343.

> Since the fifty-one days of incarceration for which the defendant seeks credit is unrelated to the offense before us for which he has been convicted, he is not entitled to sentence credit for that confinement. [*Prieskorn, supra,* p 344.]

In the instant case, however, once the Michigan authorities placed a "hold" on defendant in Illinois, he was no longer incarcerated solely because of the armed robbery charge. Due to the "hold" placed on defendant, he could not have been released from incarceration vis-à-vis the armed robbery conviction. Consequently, we believe defendant is entitled to credit for time served in Illinois at least from the date that the Michigan authorities placed the "hold" on him.

We do not believe, however, that a defendant is entitled to credit for time served from the date when the "hold" could have been placed. Although this Court has split on this issue, the sounder view allows defendant credit only from the time the Michigan authorities actually placed a "detainer" and "hold" on him in Illinois pursuant to MCL 780.601 *et seq.;* MSA 4.147(1) *et seq. People v Shipp,* 141 Mich App 610; 367 NW2d 430 (1985), lv den 422 Mich 1205 (1985); *People v Major,* 106 Mich App 226; 307 NW2d 451 (1981). Prior to the actual placing of a "hold" on defendant, the Michigan authorities had no control over his incarceration. He could have been released in Illinois and been totally free. Thus, until the "hold" was

placed, defendant's incarceration in Illinois was wholly unrelated to the proceedings in Michigan.

Application of this sounder view to the facts of this case indicates that a remand for a recalculation of credit for time served is unnecessary. Defendant admits on appeal that the trial judge attempted to give him credit from the time Michigan authorities actually placed a "hold" on him in Illinois. The prosecution also acknowledges this, but recognizes that the trial judge erred in computing the number of days between the time the hold was placed on defendant and defendant's sentencing in Michigan.

The prosecutor admits that the Michigan authorities first learned of defendant's incarceration in Illinois on December 29, 1982. On that same day, the Michigan authorities forwarded certified copies of the Michigan complaint and warrant to Illinois officials, thus placing a "hold" on defendant. Consequently, defendant should have received credit for the time he served in Illinois from December 29, 1982, until the trial judge imposed sentence in Michigan on August 13, 1984. This will result in a credit of 592 days.

Defendant's claim of error regarding the violation of his constitutional rights by the denial of overcrowding time cuts where defendant is serving a sentence in Illinois concurrently with a Michigan sentence is before this Court on an inadequate record. An issue is deemed waived if an inadequate record is presented to this Court. *Kingston v Markward & Karafilis, Inc,* 134 Mich App 164, 176; 350 NW2d 842 (1984).

We find no merit in defendant's remaining claim of error on the departure from the sentencing guidelines. *People v Ridley,* 142 Mich App 129, 134; 369 NW2d 274 (1985). Nor do we believe the court erred in its articulation of the reasons for

the sentence on the record or its consideration of defendant's Illinois armed robbery conviction.

Affirmed. We modify defendant's sentence to provide credit for 592 days served by defendant in Illinois.

R. M. MAHER, P.J. *(Concurring in part and dissenting in part).* I respectfully dissent from that portion of the majority's opinion which holds that a defendant is entitled to sentence credit only from the time the Michigan authorities actually placed a "hold" on the defendant.

I believe a defendant is entitled to credit for time served from the date when a "hold" could have been placed, for the reason stated in *People v Turner,* 130 Mich App 646, 651-652; 344 NW2d 34 (1983):

> Once the Michigan authorities have issued a warrant and know where the defendant is being held, they should place a "hold" at that time; a defendant should not be penalized by any administrative delay in placing a "hold" through the loss of sentence credit which would have been received had a "hold" been promptly issued. See also, *People v Coyle,* 104 Mich App 636, 647-648; 305 NW2d 275 (1981), lv den 415 Mich 851 (1982).

I am convinced that the rule followed in *Turner* and *Coyle* remains viable notwithstanding the Supreme Court's decision in *People v Prieskorn,* 424 Mich 327, 344; 381 NW2d 646 (1985).

In the instant case, however, the result is the same under either rule. As the majority notes, the "hold" was placed on the same day that the Michigan authorities learned of defendant's incarceration in Illinois. Thus, I agree with the majority's conclusion that defendant is entitled to a sentence credit of 592 days.