# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 19, 2015

Plaintiff-Appellee,

v

No. 319956
Macomb Circuit Court

DARTALLIUS DARIN TRAYLOR,

LC No. 2010-003819-FH

Defendant-Appellant.

Before: HOEKSTRA, P.J., and SAWYER and BORRELLO, JJ.

PER CURIAM.

Defendant appeals as of right from a sentence of 4 to 15 years' imprisonment imposed on a bench trial conviction of assault with intent to rob while unarmed, MCL 750.88. For the reasons set forth in this opinion, we affirm defendant's sentence, but remand for the ministerial purpose of correcting the judgment of sentence to remove the provision requiring defendant to pay a $25,000 bond-forfeiture fee.

Defendant first argues that he is entitled to resentencing because the trial court erred in scoring prior record variable (PRV) 2, MCL 777.54. After this Court granted defendant's motion to remand, the trial court corrected the error and resentenced defendant, although it imposed the same sentence as before.[1] Because defendant has already received the relief he requests, this issue is moot.

Defendant next argues that the trial court abused its discretion by denying him sentence credit for time served on a subsequent offense committed in Illinois while on bond for the current offense.

---

[1] Because the minimum sentence is within the appropriate guidelines range and defendant has not identified any other scoring error or inaccurate information relied upon by the trial court in imposing sentence, this Court must affirm defendant's sentence. MCL 769.34(10).

-1-

Although defendant asserts that the trial court inaccurately believed that he left Michigan without authority,[2] defendant has not demonstrated how this alleged inaccuracy affected his entitlement to sentence credit. A defendant is entitled to sentence credit under MCL 769.11b if the defendant "has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted." This statute "'neither requires nor permits sentence credit' in cases where a defendant is incarcerated 'as a result of charges arising out of an unrelated offense or circumstance' and then seeks credit in another case for the unrelated period of confinement." *People v Ovalle*, 222 Mich App 463, 468-469; 564 NW2d 147 (1997), quoting *People v Prieskorn*, 424 Mich 327, 340; 381 NW2d 646 (1985).

When defendant raised this issue on remand, the prosecutor, citing *People v Ranson*, 153 Mich App 157; 395 NW2d 271 (1986), conceded that the trial court had discretion to grant defendant credit for time served in Illinois after a hold had been issued against him in Michigan, and the trial court granted defendant partial sentence credit. *Ranson* is no longer good law. In *People v Adkins*, 433 Mich 732, 750; 449 NW2d 400 (1989), our Supreme Court held that § 11b "requires credit only for time served as a result of a defendant being denied or unable to furnish bond 'for the offense of which he is convicted.'" Because defendant's incarceration in Illinois was due to another offense, not because he was "denied or unable to furnish bond for the offense of which he is convicted," defendant was not entitled to credit for time served in Illinois. However, the Court in *Adkins* noted that its ruling does not prohibit a trial court "from granting sentence credit for time served for an unrelated offense should it be decided such credit is warranted," apparently because the trial court could treat it as a mitigating factor for "reducing a defendant's minimum sentence range should the court think such action appropriate." *Id.* at 751 n 10. For that reason, defendant contends that he still could have been granted sentence credit for the entire time served in Illinois. The continued validity of the *Adkins* caveat is suspect because a defendant's subsequent felony convictions are now a factor used in calculating the defendant's sentencing guidelines range, MCL 777.57, and the court cannot base a departure on a characteristic "already taken into account in determining the appropriate sentence range unless the court finds . . . that the characteristic has been given inadequate or disproportionate weight." MCL 769.34(3)(b). Further, it is clear that the trial court did exercise its discretion and gave defendant partial credit for time served in Illinois pursuant to *Ranson*. Because there was no basis in law for granting defendant any credit for time served in Illinois, he is not entitled to any additional relief.

We decline to consider plaintiff's argument that the trial court's decision on remand should be reversed. The general rule is that an appellee may not obtain a more favorable decision than was rendered by the trial court without filing a cross-appeal. *Middlebrooks v Wayne Co*, 446 Mich 151, 166 n 41; 521 NW2d 774 (1994). Further, it was the prosecutor who advised the trial court that it had the discretion to award sentence credit pursuant to *Ranson* and

---

[2] The trial court stated that defendant "was out on bond, he left the State of Michigan without authority, goes to the State of Illinois, commits a crime there, is sent to prison." In actuality, defendant was on bond when he returned to Illinois and the court continued bond pending sentencing.

error requiring reversal cannot be predicated "upon alleged error to which the aggrieved party contributed by plan or negligence." *Lewis v LeGrow*, 258 Mich App 175, 210; 670 NW2d 675 (2003). Moreover, a party may not take a position in the trial court and then seek relief based on a contrary position. *Holmes v Holmes*, 281 Mich App 575, 587-588; 760 NW2d 300 (2008). Accordingly, plaintiff is not entitled to relief on this issue.

Defendant lastly argues that the trial court erred in assessing fees for forfeiture of bond. Defendant raised this issue on remand and the trial court agreed with defendant and stated that the "$25,000 bond is not forfeited against this defendant." Despite this ruling, the new judgment of sentence still contains the bond-forfeiture provision. Plaintiff concedes, and we agree, that the case should be remanded for the ministerial purpose of correcting the judgment of sentence to remove the bond-forfeiture provision in accordance with the trial court's ruling.

Affirmed and remanded for correction of the judgment of sentence in accordance with this opinion. We do not retain jurisdiction.

/s/ Joel P. Hoekstra
/s/ David H. Sawyer
/s/ Stephen L. Borrello