PEOPLE v RUSSO

Docket No. 118821. Submitted June 18, 1990, at Grand Rapids. Decided September 11, 1990. Leave to appeal applied for.

Salvatore Russo was arrested on April 28, 1989, and subsequently charged in Kent Circuit Court with three counts of first-degree criminal sexual conduct and three counts of second-degree criminal sexual conduct allegedly committed against one victim between the fall of 1978 and August, 1982, during which period the victim was under eighteen years of age. Defendant's arrest was preceded by the execution of a search warrant on his home on April 27, 1989. Defendant moved for a dismissal of the charges, arguing that they were barred by the statute of limitations applicable to criminal sexual conduct. Prior to an amendment effective March 30, 1988, the statute had provided for a limitation period of six years regardless of the victim's age. The amendment altered the statute to provide that, if the alleged victim was under eighteen years of age at the time of the commission of the alleged offense, charges could be brought within six years after the commission of the offense or by the alleged victim's twenty-first birthday, whichever is later. Defendant also moved for the suppression of evidence seized pursuant to the search warrant, arguing that the warrant was defective because the affidavit submitted in support of the warrant was based on stale information. The court, Dennis C. Kolenda, J., granted the motions, ruling that the amended statute has prospective application only and that retroactive application of the amended statute to defendant would violate the constitutional prohibition against ex post facto laws. With regard to the suppression motion, the court ruled that the affidavit was based on information almost seven years old and that the affidavit therefore did not support a finding of probable cause to believe that the evidence sought from defendant's

REFERENCES

Am Jur 2d, Constitutional Law §§ 640, 646; Criminal Law § 224; Searches and Seizures §§ 68-70.

See the Index to Annotations under Ex Post Facto Laws; Limitation of Actions; Search and Seizure.

home had remained on those premises. The prosecution appealed.

The Court of Appeals *held:*

1. Where a statute extends a period of limitation applicable to prosecution for a criminal offense, such a statute applies to offenses not barred at the time of the passage of the act, so that a prosecution may be commenced at any time within the newly established period although the original period of limitation had then expired. Here, where prosecution of defendant would not have been barred at the time of passage of the act that extended the period of limitation in cases where the victim is under eighteen years of age at the time of the offense, the extended period of limitation therefore applies to defendant.

2. The extension of a period of limitation applicable to a criminal prosecution does not violate the constitutional prohibition against ex post facto laws if, as here, the new period is applied to offenses not barred at the time of passage of the law creating the extension.

3. The affidavit submitted in support of the search warrant contained stale information and did not allege that any criminal activity occurred between the last date of an alleged offense and the date on which the search warrant was obtained. The affidavit therefore did not establish a pattern of criminal conduct sufficient to transform the stale information into fresh probable cause to believe that the evidence sought remained on defendant's premises. The trial court did not clearly err in suppressing the evidence seized pursuant to the warrant.

Affirmed in part and reversed in part.

1. Rape — Criminal Sexual Conduct — Statutes of Limitation — Victims Under Eighteen — Constitutional Law — Ex Post Facto Laws.

1987 PA 255, which as of March 30, 1988, amended the statute of limitations applicable to prosecutions for criminal sexual conduct to provide that, in cases where the alleged victim was under eighteen years of age at the time of the commission of the alleged offense, charges could be brought within six years after the commission of the offense or by the alleged victim's twenty-first birthday, applies retroactively, and does not violate the constitutional prohibition against ex post facto laws, to an offender whose prosecution at the time of the passage of the amendment would not have been barred under the original statute of limitations providing for a six-year period regardless of the victim's age (US Const, art I, § 10; Const 1963, art 1, § 10; MCL 750.145c, 750.520b-750.520g, 767.24[2]; MSA 28.342a, 28.788[2]-28.788[7], 28.864[2]).

2. SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE.

Probable cause for issuance of a search warrant exists when the facts and circumstances would allow a person of reasonable prudence to believe that the evidence of a crime or contraband sought is in the stated place.

3. SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE — STALE INFORMATION.

Probable cause supporting a search warrant must exist at the time the warrant is issued; however, the lapse of time between circumstances underlying a warrant and the issuance of the warrant does not automatically indicate staleness.

4. SEARCHES AND SEIZURES — SEARCH WARRANTS — STALE INFORMATION — PROBABLE CAUSE.

The measure of a search warrant's staleness rests not on whether there is recent factual information to confirm that a crime has been committed, but whether probable cause is sufficiently fresh to allow one to presume that the items sought remain on the premises.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, *Timothy K. McMorrow,* Chief Appellate Attorney, and *Helen V. Brinkman,* Assistant Prosecuting Attorney, for the people.

*Smiley & Holst* (by *Harold U. Smiley, Jr.*), for defendant.

Before: HOOD, P.J., and HOLBROOK, JR., and NEFF, JJ.

HOOD, P.J. The people appeal as of right from the June 30, 1989, order of the Kent Circuit Court dismissing three counts of first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a), and three counts of second-degree criminal sexual conduct, MCL 750.520c(1)(a); MSA 28.788(3)(1)(a). We affirm in part and reverse in part.

The charges against defendant arose out of in-

formation provided to the Grand Rapids Police Department in 1989 by the alleged victim. The victim informed Officer Christine Karpowicz that defendant had sexually assaulted her on numerous occasions between the fall of 1978 and August, 1982. The victim was under the age of eighteen during this time period.

Officer Karpowicz obtained a search warrant for defendant's home from the Sixty-first District Court on April 27, 1989. The facts supporting the warrant were: (1) defendant sexually assaulted the victim from the fall of 1978 when she was five years old until August, 1982, when she was ten years old; (2) defendant performed various acts of sexual touching and penetration; (3) defendant photographed and videotaped the acts; and (4) the victim observed photographs and videotapes at defendant's residence.

The search warrant was executed and an abundance of evidence was retrieved from defendant's home. The evidence included videotapes depicting defendant engaged in sexual acts with children and commercially produced child pornography.

As a result of the items seized, defendant was arrested on April 28, 1989, and charged with multiple counts of criminal sexual conduct against the victim involved in the instant case as well as a second victim discovered upon review of the videotapes. The assaults upon the second victim are not at issue in the instant appeal.[1]

In any event, defendant filed a motion to dismiss both cases and to exclude evidence seized during the search of his residence. A hearing on the motion was held in the Kent Circuit Court on

---

[1] The charges involving the second victim are not at issue because the prosecution concedes that (1) the charges were properly dismissed based upon expiration of the old statute of limitations, and (2) the amended limitations period did not apply retroactively to that case.

June 23, 1989. The basis of defendant's motion for dismissal with respect to the charges involved in· this appeal was that, since August, 1982, was the last date on which an offense allegedly occurred, his April, 1989, arrest was barred by the six-year statute of limitations in effect at the time the crimes took place. MCL 767.24; MSA 28.964. Defendant further argued that the amended version of MCL 767.24; MSA 28.964 which extended the statute of limitations in certain criminal sexual conduct cases involving minors applied only prospectively. See MCL 767.24(2); MSA 28.964(2).

Defendant's motion to suppress evidence was premised on a claim that the search warrant was based upon an affidavit containing stale information and thus was defective.

In a detailed written opinion dated June 30, 1989, the circuit court granted defendant's motion to dismiss and suppress evidence. An order dismissing the case presently before this Court was entered on the same date.

I

The people first argue that the trial court erred in ruling that the amended statute of limitations in MCL 767.24(2); MSA 28.964(2) should not be applied retroactively and thus was inapplicable to defendant's case.

MCL 767.24; MSA 28.964 was amended by 1987 PA 255, effective March 30, 1988, to extend the limitation period for criminal sexual conduct cases involving victims who were under the age of eighteen at the time an offense occurred. The amended statute specifically states:

> Notwithstanding subsection (1), if an alleged victim was under 18 years of age at the time of the

commission of the offense, an indictment for an offense under section 145c or 520b to 520g of the Michigan penal code, Act No. 328 of the Public Acts of 1931, being sections 750.145c and 750.520b to 750.520g of the Michigan Compiled Laws, may be found and filed within 6 years after the commission of the offense or by the alleged victim's twenty-first birthday, whichever is later. [MCL 767.24(2); MSA 28.964(2).]

The circuit court, in granting defendant's motion to dismiss, opined: (1) that an amendment to a statute of limitations only applies prospectively absent a contrary legislative intent, and no such intent existed in this case; and (2) that retroactive application of the amended limitation period would violate the constitutional prohibition against ex post facto laws. We will address each of the trial court's findings separately.

First, it is true that in Michigan statutes are generally presumed to operate prospectively unless a contrary legislative intent is shown. *Selk v Detroit Plastic Products,* 419 Mich 1, 9; 345 NW2d 184 (1984). This rule has been specifically applied to amendments to statutes of limitation governing *civil* cases. See *Harrison v Metz,* 17 Mich 377, 378 (1868); *Great Lakes Gas Transmission Co v State Treasurer,* 140 Mich App 635, 650-651; 364 NW2d 773 (1985); *Farris v Beecher,* 85 Mich App 208, 214; 270 NW2d 658 (1978); *International Business Machines Corp v Dep't of Treasury,* 75 Mich App 604, 612-613; 255 NW2d 702 (1977), lv den 401 Mich 816 (1977). However, in the instant case, we are faced with deciding whether amendments extending statutes of limitation applicable to *criminal* cases apply retroactively. After thorough review of the relevant authority, we believe that they do.

It has been stated:

> Statutes limiting the time for the prosecution of offenses may be changed or repealed altogether in any case where a right to acquittal has not been absolutely acquired by completion of the period of limitation, but where a complete defense has arisen under such a statute, it cannot be taken away by a subsequent repeal thereof.
>
> So, too, *where a statute extends a period of limitation, or provides for the tolling thereof, it applies to offenses not barred at the time of the passage of the act, so that a prosecution may be commenced at any time within the newly established period although the original period of limitation had then expired; and such a statute is not invalid. A limitation act, however, cannot operate to revive offenses which were barred at the time of its enactment.* [22 CJS, Criminal Law, § 197, p 243, emphasis added; see also 21 Am Jur 2d, Criminal Law, § 224, pp 410-411.]

A rationale for the rule allowing retroactive application of a statutory amendment extending a limitation period was articulated by Judge Learned Hand in *Falter v United States,* 23 F2d 420, 425-426 (CA 2, 1928):

> Certainly it is one thing to revive a prosecution already dead, and another to give it a longer lease of life. The question turns upon how much violence is done to our instinctive feelings of justice and fair play. For the state to assure a man that he has been safe from its pursuit, and thereafter to withdraw its assurance, seems to most of us unfair and dishonest. *But, while the chase is on, it does not shock us to have it extended beyond the time first set, or, if it does, the stake forgives it.* [Emphasis added.]

We find the aforementioned authority persuasive and believe that the rule with respect to statutes of limitation applicable to *criminal* cases

should be that, when a statute extends the limitation period, the extension applies to offenses not barred at the time the amendment was passed and thus a prosecution may be commenced at any time within the newly established period. See *People v Lewis,* 180 Cal App 3d 821; 225 Cal Rptr 782 (1986); *State v Wolfe,* 61 SD 195; 247 NW 407 (1933); *People v Buckner,* 281 Ill 340; 117 NE 1023 (1917).

We also believe that the above conclusion is sound, considering the fact that in this case the amended limitation period would be applied to criminal sexual conduct against a minor. This rationale was enunciated by the Massachusetts Supreme Court in *Commonwealth v Bargeron,* 402 Mass 589; 524 NE2d 829 (1988).

In *Bargeron* the defendant was charged with several counts of assault with intent to commit rape involving children. The offenses occurred from 1979 to 1980 and defendant was indicted in 1987. During the time the alleged crimes took place, the applicable Massachusetts statute of limitations was six years. See Mass Gen Laws ch 277, § 63 (1986 ed). However, in July, 1985, the statute was amended by 1985 Mass Act ch 123, § 63 which extended the limitation period to ten years. The amendment became effective on September 30, 1985. The *Bargeron* court addressed the issue whether the amended statute of limitations could be retroactively applied. In concluding that the amendment had retroactive effect, the court stated:

> It may be argued that the [Massachusetts] Legislature recognized the delays commonly and understandably associated with a child's report of sexual abuse and wished to accommodate such delays by an extension of the statute of limitations. It makes

good sense for the Legislature to consider what is increasingly one of the great scourges of our society—the sexual abuse of children. [*Bargeron,* 402 Mass 593.]

We believe that the same argument can be made with respect to the Michigan Legislature's intent in extending the limitation period in criminal sexual conduct cases in which the victim was a minor at the time the offense occurred. The Legislature's action could be viewed as an attempt to alleviate the delayed reporting problem inherent in the sexual assault of children. We are cognizant of the fact that children, in many instances and for varied reasons, do not or cannot disclose assaults to the appropriate persons. Therefore, we feel that allowing extension of the limitation period governing this case, MCL 767.24(2); MSA 28.964(2), to apply to sexual offenses against minors in which prosecution was not barred at the time the amendment was passed is not unreasonable or unfair. The trial court's initial finding in this case that the statute of limitations should only apply prospectively was erroneous.

We now address the trial court's second finding that retroactive application of the amended limitation period would violate the constitutional prohibition against ex post facto laws.

We begin by reiterating a point alluded to earlier in our opinion that an amendment extending a statute of limitations should not operate to revive offenses already barred at the time of its enactment. See 22 CJS, Criminal Law, § 197, p 243; 21 Am Jur 2d, Criminal Law § 224, p 411. Such action would clearly make the amendment violate the ex post facto clauses of the United States and Michigan Constitutions. US Const, art I, § 10; Const 1963, art 1, § 10. However, we do not

believe that extending a limitation period *before* a prosecution is barred violates the prohibition against ex post facto laws.

The Michigan Supreme Court in *In re Hoffman,* 382 Mich 66, 71-72, n 1; 168 NW2d 229 (1969), adopted by reference the following definition of an ex post facto law set forth in *Calder v Bull,* 3 US (3 Dall) 386; 1 L Ed 648 (1798):

> 1st. Every law that makes an action done before the passing of the law; and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender. *Calder,* p 390; See also *People v Stevenson,* 416 Mich 383, 396; 331 NW2d 143 (1982).

In addition, in *Weaver v Graham,* 450 US 24, 29; 101 S Ct 960; 67 L Ed 2d 17 (1981), the United States Supreme Court stated:

> [T]wo critical elements must be present for a criminal or penal law to be ex post facto: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it.

In *Commonwealth v Bargeron, supra,* the Massachusetts Supreme Court addressed whether retroactive application of its amended statute of limitations violated the constitutional prohibition against ex post facto laws. In doing so, the Court concluded that the extension of the statute of

limitations did not fall into any of the definitions of an ex post facto law enunciated in *Calder.* The *Bargeron* court noted that all an extension accomplished was to extend the time within which the government could prosecute. *Id.*

The *Bargeron* court's conclusions are firmly supported by decisions from the federal bench. For example in *United States ex rel Massarella v Elrod,* 682 F2d 688 (CA 7, 1982), cert den 460 US 1037; 103 S Ct 1426; 75 L Ed 2d 787 (1983), the United States Court of Appeals discussed whether an extension to a statute of limitations which took effect prior to expiration of the former limitation period could be retroactively applied. The *Massarella* court concluded that application of an extension to a limitation period *before* a prosecution is barred would not violate the ex post facto clause. 682 F2d 689. The court indicated that extension of a limitation period was merely a procedural change and noted that the United States Supreme Court in *Weaver v Graham, supra,* p 29, n 12, quoting *Hopt v Utah,* 110 US 574, 590; 4 S Ct 202; 28 L Ed 262 (1884), had stated:

> [N]o ex post facto violation occurs and the change effected is merely procedural, and does "not increase the punishment nor change the ingredients of the offense or the ultimate facts necessary to establish guilt."

See also *Massarella, supra,* p 689; *Falter v United States, supra,* pp 425-426.

We, like the *Massarella* court, believe that extension of the statute of limitations in this case constituted a procedural change since it simply extended the time within which the government

could prosecute defendant. *Bargeron, supra.*[2] Therefore, no ex post facto violation would occur in applying the amended statute of limitations to defendant. Several other jurisdictions have also held that extending the limitation period in criminal cases does not violate the constitutional prohibition against ex post facto laws if the new period is applied to offenses not barred at the time of passage of the law creating the extension. See *State v Nunn,* 244 Kan 207; 768 P2d 268 (1989); *State v Creekpaum,* 753 P2d 1139 (Alas, 1988); *Clements v United States,* 266 F2d 397, 399 (CA 9, 1959), cert den 359 US 985; 79 S Ct 943; 3 L Ed 2d 934 (1959).

The trial court erred in finding that retroactive application of the amended statute of limitations would violate the constitutional prohibition against ex post facto laws.

Taking into consideration all of the above authority, we conclude that the trial court erred in granting defendant's motion to dismiss the charges. The last offense defendant was alleged to have committed against the victim occurred in August, 1982. Under the old six-year statute of limitations, MCL 767.24; MSA 28.964, the last possible date defendant could have been charged with the offenses would have been August, 1988. The statute of limitations was amended effective March 30, 1988, prior to the expiration of the limitation period of the old statute as applied in this case. Therefore, prosecution of defendant was not barred at the time the amendment was enacted and charges against defendant could be

---

[2] In Michigan, an exception to the general rule favoring prospective application of a statute has been recognized where the statute is remedial or procedural in nature. A panel of this Court recently applied this exception to a criminal case. See *People v Bates,* 175 Mich App 490, 492; 438 NW2d 298 (1989).

brought any time within the new limitation period.

In sum, the amended statute of limitations in MCL 767.24(2); MSA 28.864(2) should be given retroactive effect and such action would not violate the constitutional prohibition against ex post facto laws.

II

Plaintiff next argues that the trial court erred in (1) ruling that the search warrant was defective, and (2) suppressing the evidence. We disagree.

In granting defendant's motion to suppress, the trial court ruled that the affidavit supporting the search warrant was based upon stale information almost seven years old. In addition, the court found that the affidavit did not assert that (1) illicit activity had occurred during the seven-year period, (2) the passage of time was irrelevant, or (3) defendant still resided at the address where he stored the photographs and videotapes. On the basis of these findings, the trial court concluded that the affidavit did not support a finding of probable cause to believe that the items sought remained on the premises. Thus, the trial court determined that the search warrant was defective and the resulting seizure was illegal.

We review a trial court's ruling on a motion to suppress under the "clearly erroneous" standard. Therefore, the court's decision will be affirmed unless, upon review of the record, this Court is left with a definite and firm conviction that a mistake was made. *People v Toohey,* 183 Mich App 348, 352; 454 NW2d 209 (1990). Our review of the record indicates the trial court properly granted defendant's motion to suppress.

A search warrant may not issue unless probable

cause exists to justify the search. US Const, Am IV; Const 1963, art 1, § 11; MCL 780.651; MSA 28.1259(1). Probable cause exists when the facts and circumstances would allow a person of reasonable prudence to believe that evidence of a crime or contraband sought is in the stated place. *People v White,* 167 Mich App 461, 463; 423 NW2d 225 (1988), lv den 430 Mich 874 (1988).

A search warrant must be supported by probable cause existing at the time the warrant is issued. *People v Osborn,* 122 Mich App 63, 66; 329 NW2d 533 (1982). Therefore, the passage of time is a valid consideration in deciding whether probable cause exists. *People v David,* 119 Mich App 289, 295; 326 NW2d 485 (1982). There is no bright-line rule as to how much time may intervene between obtaining the facts and formulating the affidavit upon which the warrant is based. *People v Mushlock,* 226 Mich 600, 602; 198 NW 203 (1924). The measure of a search warrant's staleness rests not on whether there is recent information to confirm that a crime is being committed, but on whether probable cause is sufficiently fresh to presume that the items sought remain on the premises. *People v Sundling,* 153 Mich App 277, 286-287; 395 NW2d 308 (1986), lv den 428 Mich 887 (1987), quoting *People v Gillam,* 93 Mich App 548, 553; 286 NW2d 890 (1979). If a pattern of violations is established by a history of criminal activity, a lapse of time is less critical, especially where information has been received which confirms the basic information supporting the warrant. *Sundling, supra,* p 286.

After reviewing the affidavit and record, we believe the probable cause in this case was not sufficiently fresh to presume that the items sought remained on the premises. *Sundling, supra.* The affidavit in this case contained information nearly seven years old and did not allege that any crimi-

nal activity occurred between August, 1982 (last date of an alleged offense) and April 27, 1989 (date on which the search warrant was obtained). Therefore, the affidavit did not establish a pattern of criminal conduct sufficient to transform the stale information into fresh probable cause. *Id.,* p 288. Finally, the affidavit did not give any reasons why the passage of time was irrelevant.

Consequently, we reluctantly conclude that the trial court correctly found that the search warrant was based upon an affidavit containing stale information and that, therefore, the warrant was defective and the resulting seizure was illegal. We are not left with a definite and firm conviction that a mistake was made. *Toohey, supra.*

The trial court properly granted defendant's motion to suppress.

III

In light of the foregoing conclusions, we reverse the trial court's dismissal of the charges, but affirm the court's suppression of the evidence.

Affirmed in part and reversed in part.