PEOPLE v CORLEW

Docket No. 124461. Submitted September 13, 1990, at Grand Rapids. Decided November 19, 1990, at 9:08 A.M.

Dennis Corlew failed to return to the Grand Rapids Corrections Center after signing out on October 21, 1988. On October 25, 1988, an escape warrant was issued. He was apprehended in Tennessee, and a letter dated December 28, 1988, was sent to the Corrections Center indicating that the defendant was available for return to Michigan. He was returned and arraigned in the Kent Circuit Court on June 6, 1989. The court, Roman J. Snow, J., denied the defendant's motion to quash the information, and he pled guilty of prison escape on October 24, 1989. The defendant appealed, alleging violation of the rule requiring the prosecutor to make a good-faith effort to bring the defendant to trial within 180 days.

The Court of Appeals *held:*

The amended version of the 180-day rule, MCL 780.131; MSA 28.969(1), applies to any case which arose on or after March 30, 1989, and to those cases pending on that date over which the trial court had not yet lost jurisdiction under the preamendment version of the rule.

In this case, the 180-day period would not have begun to run until December 28, 1988, and had not expired by March 30, 1989, when 1988 PA 400 took effect. Thus, the circuit court had not lost jurisdiction as of that date, and the amended version of the statute applies. Therefore, the 180-day rule is inapplicable by the terms of the statute.

Affirmed.

1. CRIMINAL LAW — SPEEDY TRIAL — INMATES — 180-DAY RULE.

The amended version of the 180-day rule, effective March 30, 1989, renders the rule inapplicable to a criminal offense committed by an inmate of a state correctional facility while incarcerated in the correctional facility (1988 PA 400, MCL 780.131[2]; MSA 28.969[1][2]).

REFERENCES

Am Jur 2d, Criminal Law §§ 854, 855, 857, 858.

See the Index to Annotations under Escape or Flight; Prisons and Prisoners; Speedy Trial.

2. Criminal Law — Speedy Trial — Inmates — 180-Day Rule.

> The amendment of the 180-day rule, 1988 PA 400, applies to any case which arose on or after March 30, 1989, and to those cases pending on that date over which the trial court had not yet lost jurisdiction under the preamendment version of the rule (MCL 780.131[2]; MSA 28.969[1][2]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, *Timothy K. McMorrow,* Chief Appellate Attorney, and *Helen V. Brinkman,* Assistant Prosecuting Attorney, for the people.

*Lannen & Trusock* (by *Patrick J. Lannen*), for the defendant.

Before: Weaver, P.J., and Sawyer and Neff, JJ.

Sawyer, J. Defendant pled guilty of prison escape. MCL 750.193; MSA 28.390. He was sentenced to a prison term of one to five years. Defendant now appeals and we affirm.

Defendant argues that the trial court erred in denying his motion to quash under the 180-day rule and the right to a speedy trial. We disagree. On October 21, 1988, defendant signed out of the Grand Rapids Corrections Center and failed to return. An escape warrant was issued, on October 25, 1988, and the matter was referred to an absconder recovery unit to investigate and apprehend defendant. Defendant was thereafter apprehended in Tennessee. A letter dated December 28, 1988, was sent to the Corrections Center indicating that defendant was available for return to Michigan. Defendant was returned and arraigned on June 6, 1989. Defendant pled guilty to the charge of prison escape on October 24, 1989.

On appeal, defendant argues that prosecution

was barred because of a violation of the so-called 180-day rule. MCL 780.131; MSA 28.969(1) provides that the prosecutor must make a good-faith effort to have the defendant brought to trial within 180 days. However, the statute was amended by 1988 PA 400, effective March 30, 1989, which added subsection (2). MCL 780.131(2); MSA 28.969(1)(2) states:

> This section does not apply to a warrant, indictment, information, or complaint arising from either of the following:
> (a) A criminal offense committed by an inmate of a state correctional facility while incarcerated in the correctional facility.

Since the crime of prison escape obviously occurred while defendant was incarcerated, subsection (2) would render the 180-day rule inapplicable to this case. We must decide, however, whether the amended statute should be applied since it did not become effective until after defendant's apprehension.

While not directly on point, we conclude that this Court's recent decision in *People v Russo,* 185 Mich App 422; 463 NW2d 138 (1990), is instructive. In *Russo,* this Court considered the applicability of an amendment to the statute of limitations which extended the deadline for bringing criminal sexual conduct charges. The amendment was enacted subsequent to the offense, but prior to the expiration of the period of limitation in effect at the time of the offense. The charges were brought after the original period of limitation would have expired, but prior to the expiration of the period of limitation under the amended statute.

This Court held that the amended limitation period applied to any charge which was not yet

time-barred at the time of the enactment of the amendment. *Russo, supra* at 428-429. Although the present case does not involve a statute of limitation, the 180-day rule is a similar concept in that it imposes a time limit on the prosecutor's ability to proceed with charges against a defendant. Accordingly, we conclude that a similar rule should apply to the case at bar as was applied by the *Russo* Court to the statute of limitations issue.

Therefore, we hold that the amended version of MCL 780.131; MSA 28.969(1) applies to any case which arose on or after March 30, 1989, the effective date of the amendment, and to those cases pending on March 30, 1989, over which the trial court had not yet lost jurisdiction under the preamendment provisions of the 180-day rule. In the case at bar, the 180-day period would not have begun running until December 28, 1988, at the earliest, that being the date the Tennessee authorities informed the Corrections Center that defendant was in custody. Since 180 days had not yet passed when 1988 PA 400 took effect on March 30, 1989, the circuit court had not lost jurisdiction over the matter as of that date. Accordingly, the amended version of the statute applies to the case at bar and, therefore, the 180-day rule is inapplicable by the terms of the statute.

Affirmed.