PEOPLE v McCULLUM

Docket No. 154845. Submitted August 11, 1993, at Lansing. Decided
    September 8, 1993, at 9:05 A.M.

Howell J. McCullum was charged in the Oakland Circuit Court
    with being a prisoner in possession of a controlled substance
    and being an habitual offender, third offense. The court, Robert
    L. Templin, J., dismissed the charges, finding a violation of the
    180-day rule provided in MCL 780.131; MSA 28.969(1). The
    people appealed.

    The Court of Appeals *held*:

    The 180-day rule does not apply to a charge of a criminal
    offense committed by an inmate of a state correctional facility
    while incarcerated in the correctional facility. Pursuant to the
    plain language of MCL 780.131(2)(a); MSA 28.969(1)(2)(a), the
    facility in which the defendant was incarcerated, the Pontiac
    Correctional Facility, is a state correctional facility under the
    control of the Department of Corrections. Furthermore, the
    purpose of the 180-day rule, to give an inmate the opportunity
    to have sentences run concurrently, is not applicable in this
    case because the defendant would be subject to consecutive
    sentencing if convicted.

    Reversed and remanded.

1. PRISONS AND PRISONERS — 180-DAY RULE — STATE CORRECTIONAL
    FACILITIES — PONTIAC CORRECTIONAL FACILITY.

    The 180-day rule does not apply to a charge of a criminal offense
    committed by an inmate of a state correctional facility while
    incarcerated in the correctional facility; the Pontiac Correc-
    tional Facility is a community corrections center under the
    control of the Department of Corrections and therefore is a
    state correctional facility within the meaning of the 180-day
    rule (MCL 780.131[2][a]; MSA 28.969[1][2][a]).

REFERENCES

Am Jur 2d, Criminal Law § 552; Penal and Correctional Institutions
    § 2.
See ALR Index under Concurrent and Consecutive Sentences; Pris-
    ons and Prisoners.

2. Prisons and Prisoners — 180-Day Rule — Mandatory Consecu-
    tive Sentencing.

    The purpose of the 180-day rule, to give an inmate of a state
    correctional facility the opportunity to have sentences run
    concurrently, does not apply in a case where a mandatory
    consecutive sentence is required upon conviction; the consecu-
    tive sentencing statute applies to a crime committed by an
    inmate of a community corrections center under the control of
    the Department of Corrections while incarcerated at the center
    (MCL 768.7a, 780.131[2][a]; MSA 28.1030[1], 28.969[1][2][a]).

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Richard Thompson,* Pros-
ecuting Attorney, *Michael J. Modelski,* Chief, Ap-
pellate Division, and *Janice A. Kabodian,* Assis-
tant Prosecuting Attorney, for the people.

*Gail Carr-Williams,* for the defendant on appeal.

Before: Hood, P.J., and Cavanagh and R. J.
Taylor,* JJ.

Per Curiam. Defendant was charged with being
a prisoner in possession of a controlled substance,
MCL 800.281(4); MSA 28.1621(4), and being an
habitual offender, third offense, MCL 769.11; MSA
28.1083. The trial court dismissed the charges,
finding a violation of the 180-day rule. MCL
780.131; MSA 28.969(1). The people appeal as of
right. We reverse.

At the time of the alleged offense, defendant was
a prisoner incarcerated at the Pontiac Correctional
Facility. On July 19, 1991, he signed in from
either a work release or a social leave and was
asked to submit to a random body search. He then
threw a balled-up piece of toilet paper that he was
holding in his hand behind a book cabinet. It was
retrieved and confiscated and determined to con-
tain 0.29 grams of rock cocaine. A warrant was

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

issued on September 23, 1991, and a preliminary examination was held on October 22, 1991. On June 2, 1992, defendant moved to dismiss the case, alleging violation of the 180-day rule. The trial court agreed with defendant and dismissed the case.

Pursuant to MCL 780.131(2)(a); MSA 28.969(1)(2) (a), the 180-day rule does not apply to a charge of a criminal offense committed by an inmate of a state correctional facility while incarcerated in the correctional facility. The trial court here determined that a community corrections center is not a state correctional facility within the meaning of the foregoing statute. We disagree.

It is undisputed that the subject facility in this case is a correctional facility under the control of the Department of Corrections. Pursuant to the plain language of the statute, therefore, it is a state correctional facility.

Moreover, the purpose of the 180-day rule is to give an inmate the opportunity to have his sentences run concurrently; the purpose does not apply in a case where a mandatory consecutive sentence is required upon conviction. *People v Smith,* 438 Mich 715, 718; 475 NW2d 333 (1991). The consecutive sentencing statute, MCL 768.7a; MSA 28.1030(1), is applicable to a crime committed at a community corrections center. *People v Sanders,* 130 Mich App 246, 250-251; 343 NW2d 513 (1983); *People v Lakin,* 118 Mich App 471, 474; 325 NW2d 460 (1982). Here, defendant would be subject to consecutive sentencing if convicted.

Thus, both the plain language and the purpose of MCL 780.131(2)(a); MSA 28.969(1)(2)(a) lead to the conclusion that a community corrections center that is under the control of the Department of Corrections is a state correctional facility within the meaning of the statute. The trial court's reli-

ance on MCL 791.265a(6)(c); MSA 28.2325(1)(6)(c) is misplaced because the definition of state correctional facility contained in that statute is expressly limited to that section and is not applicable to this case.

Accordingly, because defendant was charged with a criminal offense committed while he was an inmate of a state correctional facility, the 180-day rule does not apply and dismissal was improper.

Reversed and remanded for further proceedings. We do not retain jurisdiction.